THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:22-cr-00057-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ADAM DARIUS GRIFFITH, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Reduced Sentence under Amendment 821 [Doc. 29].

**I. BACKGROUND**

In January and July of 2021, police in Asheville, North Carolina, found the Defendant Adam Darius Griffith in possession of a firearm. [Doc. 23: PSR at ¶¶ 9-19, 21-25]. During the January incident, police stopped the Defendant's car to execute an arrest warrant and found a pistol in the glove box of the Defendant's car. [Id. at ¶¶ 21-24]. During the July incident, police found the Defendant passed out in his car with a pill bottle in his lap and found a loaded .357 caliber Glock pistol in a fanny pack on his person. [Id. at ¶¶ 9-17]. At the time of these incidents, the Defendant had previously been convicted of robbery with a dangerous weapon, conspiracy to commit

robbery with a dangerous weapon, assault with a deadly weapon, eluding arrest with two aggravating factors, and possessing a firearm as a convicted felon. [Id. at ¶¶ 48-52]. The Defendant received sentences of 38 to 58 months in prison, 15 to 27 months in prison, and 10 to 21 months in prison for these offenses, respectively. [Id.].

A federal grand jury indicted the Defendant and charged him with two counts of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). [Doc. 1]. The Defendant entered into a written plea agreement with the Government and pled guilty to one of the felon-in-possession offenses. [Docs. 15, 17]. The Defendant stipulated that the firearm was stolen. [Doc. 15 at ¶ 8(a)].

In advance of sentencing, this Court's probation office submitted a presentence report and calculated a total offense level of 19. [Doc. 23: PSR at ¶ 45]. The Defendant was assessed six criminal history points related to his prior convictions. [Id. at ¶ 54]. The probation office also assessed the Defendant two criminal history "status" points because he committed his offense while he was on probation, for a total of eight criminal history points, which corresponded to a criminal history category of IV. [Id. at ¶¶ 55-56]. Based on a total offense level of 19 and a criminal history category of IV, the probation office calculated an advisory guidelines range of 46 to 57 months'

imprisonment. [Id. at ¶ 56]. In February 2023, the Court sentenced the Defendant to 48 months' imprisonment, just above the low end of the guideline range. [Doc. 26 at 2].

The Defendant, through counsel, now moves for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Part A of Amendment 821 to the United States Sentencing Guidelines to a term of 37 months. [Doc. 29]. The Government consents to the Defendant's Motion but requests that the Court reduce his sentence to a term of 39 months. [Doc. 33].

## II. STANDARD OF REVIEW

Pursuant to § 3582(c)(2), the Court may modify a term of imprisonment that was based on a sentencing range that has subsequently been lowered by the Sentencing Commission, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

When addressing a § 3582(c)(2) motion based on a retroactive guidelines amendment, the Court follows a two-step process. At the first step, the Court must "follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." United States v. Martin, 916 F.3d 389, 395 (4th

3

Cir. 2019) (quoting Dillon v. United States, 560 U.S. 817, 827 (2010)). In so doing, the Court "begin[s] by determining the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." Martin, 916 F.3d at 395 (quoting Dillon, 560 U.S. at 827). At the second step, the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." Martin, 916 F.3d at 395 (quoting Dillon, 560 U.S. at 827).

## III. DISCUSSION

At the time that the Defendant was sentenced, U.S.S.G. § 4A1.1 provided for the addition of two criminal history "status" points if the defendant committed the offense of conviction while under a criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. U.S.S.G. § 4A1.1(d) (2019). Part A of Amendment 821, effective November 1, 2023, amended this provision. As revised, § 4A1.1 eliminates the addition of such status points for a defendant who has six criminal history points or less and provides for the addition of only one status point for those defendants with seven or more criminal history points. U.S.S.G. § 4A1.1(e) (2023). The Sentencing Commission has made

Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under § 3582(c)(2). U.S.S.G. Amend. 825; see U.S.S.G. § 1B1.10(d). This retroactivity amendment provides that any order reducing a defendant's sentence must have "an effective date of February 1, 2024, or later." U.S.S.G. Amend. 825; see also U.S.S.G. § 1B1.10 cmt. n.7.

The Defendant is eligible for relief under Amendment 821. At the time of sentencing, the Defendant was assigned a total of eight (8) criminal history points, including two "status points" under § 4A1.1(d) (2019), which corresponded to a criminal history category of IV. [Doc. 23: Revised PSR at ¶¶ 54-56]. With the revision to § 4A1.1 under Amendment 821, the Defendant would receive zero status points, reducing his criminal history score from eight to six. That score corresponds to a criminal history category of III, which when combined with a total offense level of 19 results in a revised advisory guidelines range of 37 to 46 months.

Having determined the amended guideline range that would have been applicable to the Defendant had the relevant amendment been in effect at the time of the initial sentencing, the Court now turns to the § 3553(a) factors to determine whether the reduction authorized by Amendment 821 is warranted in whole or in part. Consideration of those factors, as well as the

5

Defendant's post-sentencing conduct, supports a reduced sentence. During his time in the Bureau of Prisons, the Defendant has not received any disciplinary citations. [Doc. 29-1 at 2]. The Defendant's rehabilitation efforts have been relatively modest, however, as he has completed only a few educational courses or work assignments. [Id.]. Further, the Defendant has a persistent and violent criminal history, including convictions for robbery with a dangerous weapon, conspiracy to commit robbery with a dangerous weapon, assault with a deadly weapon, eluding arrest with two aggravating factors, and possessing a firearm as a convicted felon. Given the nature of the Defendant's offense and his criminal history, the Court concludes that the need to protect the public and to provide adequate deterrence warrants a reduction to a sentence comparable to the sentence that the Court imposed—just above the bottom of the range advised by the Sentencing Guidelines.

Therefore, considering the sentencing objectives set forth in § 3553(a), the Court finds that a reduction in the Defendant's sentence is consistent with the purposes of sentencing. Accordingly, the Court grants the Defendant's motion for a reduced sentence. In its discretion, the Court will reduce the Defendant's sentence to a term of thirty-nine (39) months.

6

Case 1:22-cr-00057-MR-WCM   Document 34   Filed 02/12/24   Page 6 of 7

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Reduced Sentence under Amendment 821 [Doc. 29] is **GRANTED**, and the Defendant's sentence is **REDUCED** to a term of **THIRTY-NINE (39) MONTHS**.

The Clerk of Court is respectfully instructed to prepare an Amended Judgment in accordance with the terms of this Order.

**IT IS SO ORDERED.**

Signed: February 12, 2024

Martin Reidinger
Chief United States District Judge